UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HERNAN PAREDES,

        Plaintiffs,

   v.

EXTENDED STAY AMERICA EFFICIENCY
STUDIOS HOTEL,

        Defendant.

Case No. 12-13648
Honorable Julian Abele Cook, Jr.


<u>ORDER</u>

This case arises out of a claim brought by the Plaintiff, Hernan Paredes, who alleges that the Defendant, Extended Stay America Efficiency Studios Hotel, breached its legal duty of care when he slipped and fell on a wet elevator floor. His claim was originally filed in the Wayne County Circuit Court of Michigan on July 12, 2012. On August 17, 2012, the Defendant caused this case to be removed pursuant to 28 U.S.C. §§ 1332, 1441.

I.

On November 23, 2011, Paredes checked into the Defendant's hotel in Canton, Michigan. At some time during his stay, he left his hotel room on the second floor and sought to visit the reception desk on the first floor. As he entered the elevator on the second floor, he slipped and fell, injuring his right shoulder. In retrospect, Paredes acknowledges that he had not looked at the elevator floor until after his fall. Upon standing, he noticed that (1) the entire floor was "shiny" and "very wet," and (2) his clothes were damp where they had made contact with the floor. At this time, he also noticed a "wet floor sign" hanging on the inside railing of the elevator. After making these

observations, Paredes went to the reception desk and told an employee about his fall. However, he believes that there was no follow-up to this incident (e.g., no accident report was ever filed and no one asked him about the incident).

## II.

In the lawsuit which followed, the Defendant filed a motion for summary judgment, asserting, in essence, that there are no remaining material issues of fact to be resolved in this action. The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)).

In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S.

at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

As an initial matter, Paredes asserts that it is premature to rule on the Defendant's motion for summary judgment because, in his opinion, there remains a substantial amount of discovery to be taken. Federal Rule of Civil Procedure 56(d) states that a court may defer consideration of a motion for summary judgment if the nonmovant "cannot present facts essential to justify its opposition." However, the nonmovant must first file an affidavit or motion explaining what discovery remains to be taken and how it will help oppose the motion for summary judgment. *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995) (interpreting former Fed. R. Civ. P. 56(f)); *see also Singleton v. United States*, 277 F.3d 864, 872 (6th Cir. 2002) (interpreting former Fed. R. Civ. P. 56(f); Fed. R. Civ. P. 56(d) advisory committee's notes (2010

amendments) ("Subdivision (d) carries forward without substantial changes the provisions of former subdivision (f)."). In the absence of such an affidavit or motion, "there is no justification for [a] district court's determination that a motion for summary judgment would be premature." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004). Since Paredes failed to file a separate affidavit or motion indicating why additional discovery was necessary, his contention that it is premature to rule on the Defendant's motion for summary judgment is without merit. *See id.*; *Plott*, 71 F.3d at 1196. The Court will therefore proceed to consider the Defendant's pending motion for summary judgment.

In its motion, the Defendant initially contends that it did not have any duty to protect Paredes from harm on the date of his fall because (1) the wet elevator floor was an open and obvious danger and (2) there were no special circumstances which made the elevator floor unreasonably dangerous. Even if a duty existed, the Defendant maintains that no breach of a legal duty occurred because it did not have constructive notice of the wet floor. Paredes disagrees, contending that (1) a duty to protect him from harm existed at the time of his injury, (2) the wet floor in the elevator was not open and obvious, and (3) even if it was, special aspects existed which made the floor unreasonably dangerous. Finally, he contends that the Defendant's failure to remedy the wet elevator situation amounts to a breach of duty because it should have known of the potential danger to him and other guests at the hotel.

In Michigan, a plaintiff who initiates a negligence action against a possessor of land must prove the following: (1) the possessor owed the plaintiff a legal duty; (2) the possessor breached its duty; (3) the plaintiff was harmed by the possessor's breach; and (4) the possessor's breach was the cause of the plaintiff's injuries. *Kennedy v. Great Atl. & Pac. Tea Co.*, 737 N.W.2d 179,181 (Mich. Ct. App. 2007). A possessor's legal duty to its invitees is defined according to § 343 of the

4

Restatement (Second) of Torts. *Riddle v. McLouth Steel Products Corp.*, 485 N.W. 2d 676, 679-80

(Mich. 1992). Section 343 reads as follows:

> A possessor of land is subject to liability for physical harm to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Restatement (Second) of Torts § 343 (1965).

Michigan courts have construed this language to create a general duty for possessors "'to exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition'" on their premises. *Bertrand v. Alan Ford Inc.*, 537 N.W.2d 185, 186 (Mich. 1995) (quoting *Williams v. Cunningham Drug Stores, Inc.*, 418 N.W.2d 381, 383 (Mich. 1988). However, a possessor's general duty to maintain reasonably safe premises does not extend to dangerous conditions that are "open and obvious." *Lugo v. Ameritech Corp., Inc.*, 629 N.W.2d 384, 386 (Mich. 2001). Therefore, a possessor has no duty to protect an invitee from an open and obvious danger or to warn him of the danger's existence. *Id.*; *Bertrand*, 537 N.W.2d at 188.

Whether a condition is open and obvious depends on whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v. Burger King Corp.*, 499 N.W.2d 379, 381 (Mich. Ct. App. 1993). The dangers that are easily noticed and avoided, as well as those that pose little risk of severe harm are usually found to be open and obvious. *Lugo*, 629 N.W.2d at 388; *see also, e.g.*, *Kennedy*, 737 N.W.2d at 186 (affirming directed verdict for defendant storekeeper after plaintiff admitted that

crushed grapes on which he slipped and fell were readily observable); *Novotney*, 499 N.W.2d at 382 (affirming grant of summary disposition to defendant because handicap ramp on which plaintiff fell was conspicuous and easily noticeable).

An exception to the open and obvious doctrine exists if the risk of harm posed by the challenged condition "remains unreasonable, despite its obviousness or despite knowledge of it by the invitee." *Lugo*, 692 N.W.2d at 386 (quoting *Bertrand*, 537 N.W.2d at 187). As a result, Michigan courts typically analyze whether there are "special aspects" of a dangerous condition that either pose a high likelihood of causing severe harm or are "effectively unavoidable" because traversing the danger is absolutely necessary. *Joyce v. Rubin*, 642 N.W.2d 360, 365-66 (Mich. Ct. App. 2002); *Lugo*, 629 N.W.2d at 386-87; *Bertrand*, 537 N.W.2d at 186-88. When such special aspects exist, the possessor has a duty to protect an invitee from the dangerous condition. *Lugo*, 629 N.W.2d at 386-87; *Bertrand*, 537 N.W.2d at 186-88.

Paredes admitted in his deposition that after he slipped and fell he observed that the elevator floor was "shiny" and that the entire area was "very wet." (Pl. Dep. 87-89). He also averred that, as soon as he looked down at the floor, it became clear to him that water was everywhere. *Id.* at 89:16-20. As a result, the Defendant argues that a reasonable person of ordinary intelligence would have noticed the condition in the elevator. *See Novotney*, 499 N.W.2d at 381. Although Paredes disagrees, similar cases that have been resolved by courts in Michigan support the Defendant's position. *See, e.g.*, *Kennedy*, 737 N.W.2d at 182 (concluding that crushed grapes on which plaintiff slipped and fell were open and obvious after he admitted that the group of grapes were readily observable); *Novokshonova v. Royal Oak Dining, LLC*, 2013 WL 2120308, *2-3 (Mich. Ct. App. 2013) (unpublished) (granting defendant's motion for summary disposition because red cloth on which

plaintiff tripped was large and should have been noticed had she been looking at floor at time of accident). Since Paredes admitted that the elevator floor on which he fell was "shiny" and covered with water, an "average user of ordinary intelligence" should have discovered this danger before entering the elevator. *See Kennedy*, 737 N.W.2d at 182, 186; *Novotney*, 499 N.W.2d at 381. Therefore, the Court concludes that the condition on the elevator was open and obvious, and the Defendant is not liable for the injuries sustained by Paredes when he slipped and fell. *See Lugo*, 629 N.W.2d at 386-87. The fact that Paredes did not notice the wet floor until after his fall does not change this conclusion. *See Kennedy*, 737 N.W.2d at 182.

Finally, Paredes contends that, even if the wet floor on the elevator was open and obvious, there were existing special aspects which rendered the elevator floor an unreasonable risk of harm. Since the entire floor was wet, Paredes maintains that the condition was "effectively unavoidable" because he could not use the elevator without risking injury. However, it is clear that the "effectively unavoidable" exception to open and obvious dangers is triggered only when it is absolutely necessary for the aggrieved party to traverse the danger and confront the risk of harm. *See Joyce*, 642 N.W.2d at 366; *Lugo*, 629 N.W.2d at 387. In this case, Paredes need not have used the wet elevator to travel to the first floor. For example, he could have contacted the hotel management to request that the floor be dried, found an alternative route to the ground floor, or postponed the purpose of his trip to the reception desk (ie., payment of his Wi-Fi bill). *See Joyce*, 642 N.W.2d at 366. As a result Paredes has failed to eliminate the wet floor condition in the elevator from the open and obvious doctrine. *See Lugo*, 629 N.W.2d at 386-87.

Paredes's claim also fails because he cannot show that the Defendant had constructive notice of the wet floor. After establishing that a possessor had a legal duty to protect against dangerous

7

conditions on its premises, a plaintiff must prove that the possessor breached such a duty. *Kennedy*, 737 N.W.2d at 181. To establish a breach of duty, an aggrieved party must prove that the possessor had actual knowledge or constructive notice of the dangerous condition. *Serinto v. Borman Food Stores*, 158 N.W.2d 485, 486 (Mich. 1968); *see also Laurel v. Walmart Stores, Inc.*, 184 F. Supp. 2d 659, 662 (E.D. Mich. 2002).

On the basis of the reported cases, Michigan courts will conclude that a possessor has constructive notice if a plaintiff is able to demonstrate that the claimed dangerous condition was "of such a character or [had] existed a sufficient length of time" such that the possessor should have known of the condition. *Serinto*, 158 N.W.2d at 486 (quoting *Carpenter v. Herpolsheimer's Co.*, 271 N.W. 575, 575 (Mich. 1937)). In general, proving that a possessor had constructive notice of a dangerous condition requires the aggrieved party to show that the condition existed long enough "to have enabled a reasonably careful [possessor] to discover it." *Whitmore v. Sears, Roebuck & Co.*, 279 N.W.2d 318, 321 (Mich. Ct. App. 1979); *see also Clark v. Kmart*, 634 N.W.2d 347, 348-49 (Mich. 2001). In *Clark v. Kmart*, for example, an employee testified that the check-out lane where the plaintiff fell would have been closed almost an hour before the plaintiff arrived at the store. 634 N.W.2d at 349. The court indicated that this was a sufficient amount of time for a jury to reasonably conclude that the grapes on which the plaintiff slipped were dropped by a customer while the check-out lane was still open. *Id.* As a result, the court concluded that the defendant storekeeper should have discovered the grapes on the floor and removed them from the check out lane. *Id.* at 350.

Similar cases in Michigan reinforce the conclusion that a plaintiff must present evidence which will demonstrate that the unsafe condition existed for a considerable time prior to the accident. *Whitmore*, 279 N.W.2d at 321; *Serinto*, 158 N.W.2d at 487-88. Although the court in

*Whitmore* agreed that the plaintiff had slipped on a substance in the defendant's parking lot, it granted the motion for a directed verdict because the plaintiff had failed to demonstrate how long the substance had existed in the lot. 279 N.W.2d at 321-22. Most recently, in *Gainer v. Wal-Mart Stores East, L.P.*, another court in this district granted a summary judgment to the defendant storekeeper after the plaintiff failed to prove how long water had been on the floor of the entranceway where she fell. __ F. Supp. 2d __, 2013 WL 1248627 at *10 (E.D. Mich. Mar. 28, 2013). Such cases indicate that where the plaintiff fails to present evidence which prove that the unsafe condition existed for a sufficient length of time, "a directed verdict in favor of the [possessor] is proper." *Whitmore*, 279 N.W.2d at 321. Additionally, at least some of the evidence that the plaintiff presents must be independent of the unsafe condition itself. *See Clark*, 634 N.W.2d at 348-49. If the plaintiff's entire evidence is that an accident occurred and an alleged unsafe condition existed, a Michigan court will refuse to find that the defendant should have known of the dangerous condition. *See id.*; *Serinto*, 158 N.W.2d at 487-88; *Beyer v. K-Mart Corp.*, 2012 WL 4039717, *2 (Mich. Ct. App. 2012) (unpublished); *Davis v. Total Petroleum, Inc.*, 1999 WL 33434598, *2-3 (Mich. Ct. App. 1999) (unpublished).

Perhaps as a proxy for the length of time, Paredes contends that the Defendant should have known of the dangerous condition because a hotel employee, Kenneth Kirkland, had inspected the accident and was "in the vicinity" of the elevator at the time of the "slip and fall." *See Boyd*, 948 F.2d at 285. However, there is no evidence as to when Kirkland inspected the elevator. Additionally, neither party has defined or refined the phrase "in the vicinity." Thus, the Court is left to speculate as to its meaning. Kirkland could have been somewhere in the surrounding area of the hotel, out of sight of the elevator, and still have been considered "in the vicinity" of the accident.

9

Paredes also claims that the Defendant should have known of the condition because two other employees, Angela Green and Maria Lashbrook, also knew of the facts surrounding the incident. However, Paredes has not indicated exactly what these two employees knew or, most importantly, whether they knew of the wet floor prior to the accident. In short, these allegations - when standing alone - do not constitute "probative evidence." By failing to refer to "particular parts of material in the record" that would allow a trier of fact to find in his favor, Paredes only speculates as to whether the Defendant should have known of the dangerous condition. Fed. R. Civ. P. 56(c)(1); *see Anderson*, 477 U.S. at 256; *Boyd*, 948 F.2d at 285.

Furthermore, Paredes fails to demonstrate, or even allege, how long the dangerous condition existed prior to the accident. *See Whitmore*, 279 N.W.2d at 321. In Michigan, it is clear that establishing constructive notice requires a plaintiff to present evidence which shows that the condition existed for a considerable time prior to the accident. *See id.* There is nothing within the previously recorded deposition in this case or in the Defendant's response to the pending motion for summary judgment which suggests - with any degree of particularity - the length of time that the elevator was in the potentially dangerous condition about which Paredes has complained.

IV.

For the reasons that have been set forth above, Extended Stay's motion for summary judgment is granted (ECF No. 16).


IT IS SO ORDERED.

Date: August 28, 2013                    s/Julian Abele Cook, Jr.
                                         JULIAN ABELE COOK, JR.
                                         U.S. District Judge

10

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 28, 2013.


<u>s/ Kay Doaks</u>
Case Manager